IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

                    Plaintiff,

        Vs.                                         No.  05-40104-01-SAC

PAULO ARTURO
SELDNER-CASTELLANOS,

                    Defendant.


MEMORANDUM AND ORDER

        After being the sole occupant in a vehicle in which twenty-three

packages of cocaine were found in the fuel tank, the defendant was charged in a

single-count drug trafficking indictment and later pleaded guilty to this count of

possession with the intent to distribute cocaine hydrochloride in violation of 21

U.S.C. § 841.  The presentence report ("PSR") recommends a Guideline

sentencing range of 87 to 108 months from a criminal history category of one and a

total offense level of 29 based on the following calculations:  a base offense level of

34 pursuant to U.S.S.G. § 2D1.1(c)(3), a two-level "safety valve" reduction

pursuant to U.S.S.G. § 5C1.2, a three-level acceptance of responsibility adjustment

enhancement pursuant to U.S.S.G. § 3E1.1.  The addendum to the PSR reflects the

defendant has one unresolved objection to which the government has responded reiterating its position from the plea agreement that it would not oppose a minor role reduction.  The defendant also has filed a sentencing memoranda in support of his objection, and the government has filed an additional response.

The defendant objects that PSR fails to make a mitigating role adjustment.  The defendant relies on the government's position in the plea agreement that it would not oppose a minor role reduction and on his role as a mere courier as evidenced by his statement and the facts surrounding the traffic stop and arrest.

The mitigating role adjustment in U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2, comment. (n.3(A)).  The determination whether a defendant is entitled to such a reduction is "heavily dependent upon the facts of the particular case."  U.S.S.G. § 3B1.2, comment. (n.3(C)).  A role reduction is not earned simply because a defendant is "the least culpable among several participants in a jointly undertaken criminal enterprise."  *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir.1994) (citing *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir.1991)).  In evaluating culpability, a court compares the "defendant's conduct

with that of others in the same enterprise, but also with the conduct of an average participant in that type of crime." *United States v. Caruth*, 930 F.2d at 815.  To weigh relative culpability, "evidence must exist of other participants and their role in the criminal activity." *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994) (internal quotation marks omitted).  In short, a role reduction is appropriate only when the defendant is "substantially less culpable" than an average participant and not required just because multiple participants with differing levels of culpability are involved.  The defendant has the burden of proving her minor participation.  *United States v. Harfst*, 168 F.3d 398, 401-02 (10th Cir. 1999).

A minimal role adjustment is limited to those defendants "who are plainly among the least culpable of those involved in the conduct of the group." U.S.S.G. § 3B1.2 comment. (n. 4).  Indicative of a minimal role is a defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." U.S.S.G. § 3B1.2, comment. (n.4).  The commentary also suggests that this downward adjustment should be used infrequently. *Id*.  Drug couriers are not necessarily minimal participants in drug transactions.  *See, e.g., United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994); *see also United States v. Ballard*, 16 F.3d 1110, 1115 (10th Cir.) (noting that a courier's transportation of drugs is "as indispensable to the

completion of the criminal activity as those of the seller . . . and the buyer . . . ."

(internal quotation marks and citation omitted)), *cert. denied*, 512 U.S. 1244 (1994).

Particularly in light of the government's position, the court finds that

the defendant has carried his burden of proving he is entitled to a minor role

reduction of two levels but that he has not proved facts justifying an intermediate

role reduction.  His ignorance of the kind and amount of drugs being transported,

his lack of knowledge about the scope and structure of the conspiracy, and his first

trip as a courier are factors consistent with a minor role reduction.  Any further

reduction for role is opposed by the government and would not be consistent with

the defendant's direct contact with one conspirator or his planned contacts with

other conspirators.  The court sustains the defendant's objection in part.

**Sentencing Guidelines Calculations**

The rulings above result in the following changes to the Guidelines

calculations appearing in the PSR.  The base offense level is reduced from 34 to 31

pursuant to U.S.S.G. § 2D1.1(a)(3) in light of the mitigating role reduction.  The

base offense level is further reduced by two levels for safety valve, two levels for

mitigating role, and three levels for acceptance of responsibility.  The result is a

total adjusted offense level of 24 and a criminal history category of one for a

sentencing range of 51 to 63 months.

IT IS THEREFORE ORDERED that the defendant's objection to the

PSR is granted in part and denied in part.

Dated this 4th day of April, 2006, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge